IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:18-cv-1432 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PEDRO MORADO, JR., individually and | ) |
| d/b/a Morado Tax Services; and | ) |
| ANN MORADO a/k/a Ana Morado, | ) |
| individually and d/b/a Morado Tax Services, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

Plaintiff United States of America, pursuant to 26 U.S.C. ("I.R.C.") §§ 7401, 7402(a), 7407 and 7408, with the authorization and sanction, and at the request, of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this action to request that an injunction be issued barring Pedro Morado, Jr., individually and doing business as Morado Tax Services ("MTS") and Ann Morado (also known as Ana Morado), individually and doing business as MTS, from acting as federal return preparers and from operating MTS as a going business. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345, and I.R.C. § 7402(a).

2. Venue is proper in this Court under 28 U.S.C. § 1391 because Pedro Morado, Jr., and Ann Morado reside in this judicial district and a substantial portion of the events giving rise to this action took place in this judicial district.

1

3. In addition, venue is proper in this Court under 28 U.S.C. § 1391 because Pedro Morado, Jr., and Ann Morado conduct their tax return preparation business through MTS, an unincorporated entity whose address is 509 W. Highland Avenue, Elgin, Illinois 60123, within this judicial district.

## The Defendants

4. Pedro Morado, Jr., is a high school graduate. He does not hold any professional licenses or business licenses.

5. Pedro Morado, Jr., began preparing federal income tax returns for a tax preparation company in 2002, and began preparing tax returns on his own in 2008 or 2009. He last attended a tax course in 2012 or 2013. Pedro Morado, Jr., holds himself out to the public as a person knowledgeable in federal tax law.

6. In or about 2009, Pedro Morado, Jr., and Ann Morado began preparing tax returns through MTS at a location in Elgin, Illinois.

7. On information and belief, Pedro Morado, Jr., prepares the majority of the returns prepared at MTS.

8. MTS also employs one other tax return preparer, in addition to Pedro Morado, Jr., and Ann Morado.

9. Pedro Morado, Jr., reviews returns prepared by Ann Morado and their employee upon request.

10. MTS prepared over 5,200 total tax returns from 2014 through 2017.

11. MTS charges between $100.00 and $120.00 to prepare a tax return.

**Pedro Morado, Jr., and Ann Morado's Fraudulent Tax Preparation Activities**

12. The IRS opened an examination of Pedro Morado, Jr., in or about March 2016. As part of this investigation, the IRS examined 202 federal income tax returns prepared by Pedro Morado, Jr., from 2013 through 2015. Of the 202 returns examined, 53.9% contained deficiencies that required IRS adjustment. The 202 examined returns, which comprise less than eight percent of the total returns prepared by Pedro Morado, Jr., during these years, collectively underreported customers' tax liabilities by $187,564.00.

13. As part of its investigation, the IRS interviewed Pedro Morado, Jr., and 20 of MTS's customers.

14. In examining returns prepared by Pedro Morado, Jr., and interviewing Pedro Morado, Jr., and MTS's customers, the IRS determined that Pedro Morado, Jr., and Ann Morado have engaged in a pattern and practice of violating the federal tax laws.

15. Pedro Morado, Jr., and Ann Morado fabricated child and dependent care tax credits for MTS's customers.

16. Pedro Morado, Jr., and Ann Morado prepared tax returns which claimed inflated and improper itemized deductions on Schedule A.

17. Under 26 U.S.C. § 262(a), "personal, living, or family expenses," including expenses for repairs made to one's personal residence or expenses incurred for commuting between one's residence and one's place of business, are not deductible.

18. Pedro Morado, Jr., and Ann Morado prepared Schedules A for customers reflecting itemized deductions for repairs made to customers' personal residences and for employee business expenses incurred in customers' commute between their residence and their place of business, despite such expenses being non-deductible.

3

19. Pedro Morado, Jr., and Ann Morado prepared Schedules A for customers reflecting itemized deductions for personal property taxes which the customers did not pay and for charitable contributions which the customers did not make. Notably, for tax year 2015 alone, Pedro Morado, Jr., and Ann Morado prepared 74 tax returns which reported itemized deductions for personal property taxes of exactly $4,250.00, and prepared 205 tax returns which reported exactly $250.00 in non-cash charitable contributions.

20. Pedro Morado, Jr., and Ann Morado prepared tax returns for customers reflecting advantageous filing statuses to which the customers were not entitled.

21. "Head of Household" filing status may be claimed only by a person: (A) who is not married, (B) who has a qualifying person living in their home as that person's primary residence for more than half the year, and (C) who provides more than half the cost of maintaining the household. *See* IRC §2(b).

22. Pedro Morado, Jr., and Ann Morado prepared tax returns for MTS's customers claiming Head of Household filing status for people who were ineligible for that status either because they were married, did not have qualifying persons living with them for more than half the year, or did not provide more than half the cost of maintaining the household.

23. Pedro Morado, Jr., and Ann Morado prepared tax returns for customers which claimed dependency exemptions to which the customers were not entitled.

24. A taxpayer can claim a child as a dependent if the child (a) is the child, grandchild, sibling, stepsibling, niece or nephew, stepniece or stepnephew of the taxpayer, (b) lived with the taxpayer for more than half of the year, (c) is under age 19 (or 24 if the child is a student), (d) provided less than half of his or her own support, and (e) did not file a joint tax return of their own for the relevant tax year. *See* IRC § 152(c).

25. A taxpayer can claim a person as a dependent if the person (a) is the child, grandchild, sibling or stepsibling, parent or stepparent, grandparent or stepgrandparent, niece or nephew, aunt or uncle, or son-, daughter-, mother-, or father-in-law of the taxpayer, or a member of the taxpayer's household with the same principal place of abode as the taxpayer, (b) has an income less than the dependency exemption amount, (c) had the taxpayer provide more than half of his or her support, and (d) is not the qualifying child of the taxpayer or any other taxpayer. IRC § 152(d).

26. Pedro Morado, Jr., and Ann Morado prepared tax returns for MTS's customers claiming dependency exemptions for children and relatives who did not qualify as dependents because the taxpayer did not provide more than half of the support for such claimed dependents.

27. Pedro Morado, Jr., and Ann Morado prepared tax returns for customers which improperly claimed the child tax credit ("CTC") and additional child tax credit ("ACTC").

28. A taxpayer can claim the CTC and/or ACTC for a child: (a) who meets the test stated in Paragraph 24, above, (b) who is younger than 17, and (c) who is a citizen or resident of the United States. IRC § 24(c)(2).

29. Pedro Morado, Jr., and Ann Morado prepared tax returns for MTS's customers claiming both CTCs and ACTCs for children who did not qualify for the child tax credit or additional child tax credit because such children were not citizens or residents of the United States and/or because the customers did not provide more than half of the children's support.

30. By using these fraudulent schemes to obtain for MTS's customers tax refunds to which they would not otherwise be entitled, Pedro Morado, Jr., and Ann Morado have been able to increase the number of customers who use MTS's services and thereby to increase their profit from preparing and filing fraudulent tax returns by charging fees for their services.

31. In 2010, the IRS assessed $22,450.00 of penalties against Pedro Morado, Jr., for failing to sign 449 returns which he prepared, in violation of 26 U.S.C. § 6695(b).

**CUSTOMERS 1 & 2**

32. For tax year 2015, Pedro Morado, Jr., prepared the joint tax return of Customers 1 and 2. Customers 1 and 2 had not had their tax returns prepared by Pedro Morado, Jr., or at MTS in years prior to 2015.

33. On Customer 1 and 2's 2015 tax return, Pedro Morado, Jr., reported that Customers 1 and 2 had paid $3,000.00 to "Maria Hernandez" for the care of one of their children, and thus that Customers 1 and 2 were entitled to a Child and Dependent Care Expense credit of $600.00 on Form 2441.

34. On information and belief, Customer 1 and 2 did not tell Pedro Morado, Jr., that they paid Maria Hernandez to watch their children and, indeed, Customer 1 does not know Maria Hernandez.

35. On Customers 1 and 2's 2015 tax return, Pedro Morado, Jr., prepared a Schedule A which reported, among other things, a deduction of $4,250.00 for personal property taxes, a deduction of $19,035 for unreimbursed employee expenses (consisting of business miles driven and money paid for fuel), and a deduction of $4,283.00 for home repairs.

36. On information and belief, Customers 1 and 2 did not tell Pedro Morado, Jr., that they had paid $4,250.00 in personal property taxes during tax year 2015.

37. On information and belief, Customer 2 only commuted between his residence and work in a personal vehicle, and otherwise used a vehicle owned by the business for business travel, and commuting miles are not deductible.

38. On information and belief, Customers 1 and 2 told Pedro Morado, Jr., that they had done repairs on their personal residence during 2015, but home repairs are not deductible.

**CUSTOMERS 3 & 4**

39. For tax year 2015, Pedro Morado, Jr., prepared the joint tax return of Customers 3 and 4. On information and belief, Customers 3 and 4 had their tax returns prepared at MTS since 2011 or 2012.

40. On Customers 3 and 4's 2015 tax return, Pedro Morado, Jr., prepared a Schedule A which reported, among other things, a deduction of $3,250.00 for personal property taxes.

41. On information and belief, Customers 3 and 4 did not tell Pedro Morado, Jr., that they had paid $3,250.00 in personal property taxes during tax year 2015.

42. For Customers 3 and 4's 2015 tax return, Pedro Morado, Jr., prepared a Schedule 8812 claiming a child tax credit for A.J., C.A., and O.F., who were listed on the return as dependents.

43. On information and belief, A.J., C.A., and O.F. are Customer 3's nephews, all of whom are citizens of Mexico who have never been to the United States and who did not live with Customer 3 at any time during 2015.

44. On information and belief, Pedro Morado, Jr., did not ask Customer 3 where the listed dependents lived during 2015, and did not ask Customer 3 how much money he sent to Mexico for the listed dependents' support.

45. On information and belief, Pedro Morado, Jr., was aware that the listed dependents lived in Mexico because he prepared returns for Customers 3 and 4 for previous tax years.

**CUSTOMER 5**

46. For tax year 2015, Ann Morado prepared the tax return of Customer 5. On information and belief, Customer 5 had his tax returns prepared at MTS since 2012 or 2013.

47. On Customer 5's 2015 tax return, Ann Morado prepared a Schedule A which reported, among other things, a deduction of $4,250.00 for personal property taxes, a deduction of $4,256.00 in unreimbursed employee expenses (consisting of business miles driven, and purchases of a uniform and shoes), and a deduction of $250.00 for non-cash charitable contributions.

48. On information and belief, Customer 5 did not tell Ann Morado that he had paid $4,250.00 in personal property taxes during tax year 2015.

49. On information and belief, over 40 percent of the miles for which unreimbursed employee expenses were claimed were commuting miles that Customer 5 drove between his personal residence and work, and were thus not deductible.

50. On information and belief, Ann Morado did not ask Customer 5 whether he made any non-cash charitable contributions in 2015.

**CUSTOMERS 6 & 7**

51. For tax year 2015, Pedro Morado, Jr., prepared the joint tax return of Customers 6 and 7. On information and belief, Customer 6 & 7 had their tax returns prepared at MTS since 2015.

52. On Customers 6 & 7's 2015 tax return, Pedro Morado, Jr., prepared a Schedule A which reported, among other things, a deduction of $4,850.00 for personal property taxes, a deduction of $12,256 for "Home Repairs," and deductions of $500.00 for cash charitable contributions and $250.00 for non-cash charitable contributions.

53. On information and belief, Customers 6 and 7 did not tell Pedro Morado, Jr., that they had paid $4,850.00 in personal property taxes during tax year 2015.

54. On information and belief, Customers 6 and 7 told Pedro Morado, Jr., that they had done repairs on their personal residence during 2015, but home repairs are not deductible.

55. On information and belief, Customers 6 and 7 did not tell Pedro Morado, Jr., that they made either cash or non-cash contributions in 2015.

## Harm to the United States

56. The fraudulent returns prepared and filed by Pedro Morado, Jr., and Ann Morado have caused and continue to cause substantial harm to the Government by fraudulently reducing customers' reported tax liabilities, helping taxpayers to obtain fraudulent refunds and evade taxes, and obstructing the IRS's efforts to administer the federal tax laws.

57. Pedro Morado, Jr., and Ann Morado's fraudulent conduct—which is essentially stealing from the United States Treasury—has caused significant damage to the fisc. The IRS's audits show an actual harm to the United States of over $180,000.00. Because only a small portion of the returns that have been audited, it is most likely that the harm done to the United States by Pedro Morado, Jr., and Ann Morado's fraudulent tax return preparation activities exceeds $180,000.00.

58. The United States is also harmed because the IRS must devote some of its limited resources to investigating Pedro Morado Jr., and Ann Morado's conduct as tax return preparers, detecting and examining inaccurate and fraudulent returns filed by Pedro Morado Jr., and Ann Morado, and attempting to assess and collect from their customers unpaid taxes and penalties, some of which may not be collectible.

59. The customers of Pedro Morado, Jr., and Ann Morado have been harmed because they have paid Pedro Morado, Jr., and Ann Morado to prepare tax returns, and they now may be liable for sizable penalties and interest as a result.

60. In addition to the direct monetary and administrative harm caused by preparing returns that understate customers' tax liabilities, Pedro Morado, Jr., and Ann Morado's illegal activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

61. Pedro Morado, Jr., and Ann Morado's illegal conduct also causes intangible harm to honest tax return preparers, because by preparing returns that falsely or fraudulently inflate their customers' refunds, MTS gains an unfair competitive advantage over tax return preparers who do not do so and who as a result may have fewer customers.

**Count I: Injunction under I.R.C. § 7407 for Violation of I.R.C. §§ 6694 and 6695**

62. The United States incorporates by reference the allegations in paragraphs 1 through 63.

63. A court is authorized to enjoin a tax return preparer who engages in conduct subject to penalty under I.R.C. § 6694, pursuant to I.R.C. § 7407.

64. I.R.C. § 7701(a)(36) defines a "tax return preparer" as a person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

65. Pedro Morado Jr., and Ann Morado are tax return preparers within the meaning of I.R.C. § 7701(a)(36).

66. I.R.C. § 6694(a) penalizes a tax return preparer if: (1) the preparer prepares a return or claim for refund that includes an understatement of liability due to a position for which

there is not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

67. I.R.C. § 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

68. In violation of I.R.C. § 6694(a), Pedro Morado Jr., and Ann Morado prepared returns for customers that understated their customers' tax liabilities and that they knew or should have known contained positions for which there was no substantial authority or for which there was no reasonable basis.

69. In violation of I.R.C. § 6694(b), Pedro Morado, Jr., and Ann Morado willfully prepared tax returns for customers that they knew contained incorrect filing statuses, and improperly claimed exemptions, deductions, and tax credits.

70. Anything less than a permanent injunction and complete bar on the preparation of tax return is unlikely to stop Pedro Morado, Jr., and Ann Morado from preparing fraudulent tax returns. Pedro Morado, Jr., and Ann Morado have shown flagrant disregard for the internal revenue laws.

### Count II: Injunction under I.R.C. § 7408 for Violation of I.R.C. § 6701

71. The United States incorporates by reference the allegations in paragraphs 1 through 70.

72. A court is authorized to issue an injunction if an income tax preparer engages in conduct subject to penalty under I.R.C. § 6701, pursuant to I.R.C. § 7408.

73. I.R.C. § 6701 penalizes any person who (1) aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

74. Pedro Morado, Jr., and Ann Morado have engaged in conduct subject to penalty under I.R.C. § 6701 by preparing and filing fraudulent tax returns on behalf of customers who obtain unwarranted refunds as a result.

75. In violation of I.R.C. § 6701, Pedro Morado, Jr., and Ann Morado prepared returns that they knew or had reason to know would be used as to material matters under federal tax law and that they knew would result in understatements of customers' tax liability.

76. The schemes used by Pedro Morado, Jr., and Ann Morado have caused and continue to cause substantial harm to the government by fraudulently reducing customers' reported tax liabilities, inducing the IRS to issue fraudulent refunds, and obstructing the IRS's efforts to administer federal tax laws.

77. The magnitude of the lost tax revenue caused by Pedro Morado, Jr., and Ann Morado's fraudulent conduct is substantial. As discussed above, the known tax loss to the government is over $180,000.00.

78. The United States also is harmed because the IRS must continually devote its limited resources to detecting and examining inaccurate returns filed by Pedro Morado, Jr., and Ann Morado and to attempting to assess and collect unpaid taxes from their customers.

79. An injunction against Pedro Morado, Jr., and Ann Morado is necessary and appropriate to prevent the recurrence of this conduct, to subject Pedro Morado, Jr., and Ann

Morado to penalty under I.R.C. § 6701, and to prevent Pedro Morado, Jr., and Ann Morado from engaging in any other conduct subject to penalty under the Internal Revenue Code.

**Count III: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief**

80. The United States incorporates by reference the allegations in paragraphs 1 through 79.

81. A court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws, pursuant to I.R.C. § 7402(a).

82. I.R.C § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

83. Pedro Morado, Jr., and Ann Morado's activities described above substantially interfere with the enforcement of the internal revenue laws because their preparation and filing of numerous fraudulent tax returns resulted in customers not paying their true federal tax liabilities and receiving tax refunds to which they were not entitled.

84. An injunction prohibiting Pedro Morado, Jr., and Ann Morado from preparing or assisting in the preparation of tax returns is needed to stop them from preparing or filing fraudulent tax returns and to prohibit them from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

85. If Pedro Morado, Jr., and Ann Morado are not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

86. The public interest would be advanced by enjoining Pedro Morado, Jr., and Ann Morado because an injunction will stop their illegal conduct and stop the harm that conduct is causing the United States Treasury and the public.

87. An injunction under Section 7402 is necessary and appropriate, and the United States is entitled to injunctive relief under Section 7402. The injunction, as detailed below, should bar Pedro Morado, Jr., Ann Morado, and anyone acting in concert with them, from preparing or filing tax returns for others, representing customers before the IRS, and from otherwise engaging in conduct that interferes with the proper administration of the internal revenue laws.

WHEREFORE, the United States of America, prays for the following:

A. That the Court find that Pedro Morado, Jr., and Ann Morado have continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, that, pursuant to I.R.C. § 7407, an injunction merely prohibiting conduct subject to penalty under I.R.C. §§ 6694 and 6695 would not be sufficient to prevent Pedro Morado, Jr., and Ann Morado's, interference with the proper administration of the tax laws, and that Pedro Morado, Jr., and Ann Morado should be permanently enjoined from acting as income tax return preparers, and from operating a tax return preparation business;

B. That the Court find that Pedro Morado, Jr., and Ann Morado have engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of that conduct;

C. That the Court find that Pedro Morado, Jr., and Ann Morado have interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. § 7402(a) under the Court's inherent equity powers;

D. That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Pedro Morado, Jr., Ann Morado, their officers, agents, servants, employees,

and attorneys, and anyone in active concert or participation with them, from directly or indirectly:

    i.    Preparing or assisting in the preparation of federal tax returns, amended returns, and other related documents and forms for anyone other than themselves;

    ii.    Advising, counseling, or instructing anyone about the preparation of a federal tax return;

    iii.    Filing or assisting in the filing of a federal income tax return for anyone other than themselves;

    iv.    Owning, managing, controlling, working for, or volunteering for a tax-return preparation business;

    v.    Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

    vi.    Preparing or assisting in the preparation of an application for an Individual Tax Identification Number (ITIN);

    vii.    Representing customers in connection with any matter before the IRS;

    viii.    Referring any person, for compensation or otherwise, to a tax preparation business;

    ix.    Advertising any return preparation business or preparer in any imedium, including print, online, and/or via social media;

    x.    Employing any person to work as a federal income tax return preparer; and/or

    xi.    Engaging in any conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

E. That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Pedro Morado, Jr., Ann Morado, their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, from directly or indirectly operating MTS as a going business and from advertising MTS or any other tax preparation business in print, online, and/or via social media;

F. That the Court, pursuant to I.R.C. § 7402(a), 7407, and 7408, enter an order requiring Pedro Morado, Jr., and Ann Morado to produce to counsel for the United States, within thirty days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom they or any of their employees prepared federal tax returns or claims for a refund, for tax years beginning in 2010 and continuing through this litigation;

G. That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Pedro Morado, Jr., and Ann Morado within 30 days of receiving the Court's order, to contact by U.S. mail and, if an e-mail address is known, by e-mail, all persons for whom they or MTS has prepared federal tax returns, amended tax returns, or claims for refund since January 2013, as well as all employees or independent contractors they or MTS has had since January 2013, and to inform them of the permanent injunction entered against her by sending each of them a copy of the order of permanent injunction, with no other enclosures unless approved by the Department of Justice or the Court;

H. That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Pedro Morado, Jr., and Ann Morado, within 45 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that they have received a copy of the Court's order and complied with the terms described in Paragraphs G and H of this

16

Complaint;

      I.      That this Court permit the United States to conduct post-judgment discovery to ensure Pedro Morado, Jr., and Ann Morado's compliance with the permanent injunction; and

      J.      That this Court retain jurisdiction over Pedro Morado, Jr., and Ann Morado, and over this action to enforce any injunction entered against them; and

      K.      That this Court grant the United States such other relief as the Court deems appropriate.

      Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

### DEFENDANTS

Pedro Morado, Jr., individually and doing business as Morado Tax Services, and Ann Morado a/k/a Ana Morado, individually and doing business as Morado Tax Services

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  McHenry
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bradley A. Sarnell, U.S. Department of Justice, Tax Division, P.O. Box 55, Washington, DC 20044. Tel.: 202-307-1038.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [x] 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation-Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

26 USC 7401, 7402, 7407, 7408. Action to enjoin tax return preparer.

## VII. Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes [x] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

JUDGE _____  DOCKET NUMBER _____

## X. This case (check one box)

[x] Is not a refiling of a previously dismissed action
☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE February 26, 2018

SIGNATURE OF ATTORNEY OF RECORD  /s/Bradley A. Sarnell